**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

BRYAN HAYNIE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. CR 08-00280 SBA

**ORDER**

[Docket No. 31]

    Before the Court are defendant "Bryan Haynie's Motions in Limine" [Docket No. 31]. Defendant is charged with one count each of (1) 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition; (2) 18 U.S.C. § 931, possession of body armor by violent felon; and (3) 21 U.S.C. § 844(a), possession of cocaine base. *See* Docket No. 18 (Superseding Indictment). This Court's December 17, 2008 Scheduling Order requires that all motions in limine be filed by January 9, 2009, and all oppositions to them be filed by January 16, 2009. *See* Docket No. 21. As of January 11, 2009, the parties had filed all pre-trial documents, except that Haynie had not filed a trial brief, nor had any party filed any motions in limine.

    On January 20, 2009, however, the Court discovered on this matter's docket that Haynie had filed three motions in limine at 4:57 p.m., on January 16, 2009. *See* Docket No. 31. As of January 20, the Court had not received any courtesy copies. In his motions, Haynie first challenges the admission of the nature of his prior qualifying conviction, alleging that he will stipulate to its existence. *Id.* at 1. Second, he seeks to strike the term "violent felon" from his indictment as unduly prejudicial. *Id.* at 1-2. And third, he seeks to dismiss his body armor count, on the ground that § 931 does not regulate interstate commerce, and is thus unconstitutional. *Id.* at 1, 3-4.

    Haynie's motions begin, "[i]n *conformity with the Court's order*, Bryan Haynie submits the following motions in limine[.]" *Id.* at 1 (emphasis added). The Court notes that Haynie's motions are *not in conformity with the Court's Scheduling Order*, as he filed them when the parties' *oppositions* were due. In fact, by filing them at three minutes before 5:00 p.m., on a Friday before a

three-day weekend, Haynie largely ensured that plaintiff would not see them until the following Tuesday, or only *three days* prior to the Friday, January 23, 2009 pre-trial conference. This makes the motions *extremely late*, and unduly prejudices plaintiff's ability to respond to them properly. A situation made worse by Haynie's apparent failure to meet and confer with plaintiff, prior to filing his motions, as required by the Scheduling Order and Criminal Local Rule 17.1(b). Finally, not only has Haynie attempted to subvert the Court's Scheduling Order, but he did not even request leave from the Court to file his motions, after his deadline had long passed.

On January 21, 2009, the government filed a response. *See* Docket No. 32. According to the government, the parties have resolved the first two motions in limine by stipulation. *See id.* at 1-2. Accordingly, these two motions are DENIED as moot.

As for Haynie's third motion in limine, the Court DENIES it as untimely. In addition, and independently, the Court DENIES it on the merits. Haynie does not dispute that his body armor traveled through interstate commerce in the past, but notes that he is charged merely with possession of body armor, not with its interstate sales or transportation. *See* Docket No. 31 at 3-4. Haynie correctly notes that neither the Ninth Circuit nor the Supreme Court has ever specifically addressed whether § 931 is a constitutional regulation of interstate commerce. *See id.* at 3. The *only* authority Haynie provides for his assertion that § 931 is unconstitutional is *U.S. v. Patton*, 451 F.3d 615 (10th Cir. 2006). *See* Docket No. 31 at 3.

Section 931 states that except for certain types of uses, such as for a lawful business activity, it is:

> unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is--(1) a crime of violence (as defined in section 16); or (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States.

18 U.S.C. § 931(a).

As Haynie correctly notes, *see* Docket No. 31 at 3, in *Patton*, the Tenth Circuit held that:

> The Supreme Court has articulated "three general categories of regulation in

2

which Congress is authorized to engage under its commerce power." *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 2205, 162 L.Ed.2d 1 (2005). These are "the channels of interstate commerce"; "the instrumentalities of interstate commerce, and persons or things in interstate commerce"; and "activities that substantially affect interstate commerce." *Id.*; *see also United States v. Lopez*, 514 U.S. 549, 558, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995); *Perez v. United States*, 402 U.S. 146, 150, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971).

*Patton*, 451 F.3d at 620.

*Patton* held that while § 931 did not fit within these three categories, it clearly did fit under *Scarborough v. United States*, 431 U.S. 563 (1977), "which held that Congress intended a felon-in-possession statute to prohibit possession of any firearm that had moved in interstate commerce." *Patton*, 451 F.3d at 620. In relying on *Patton*, Haynie conspicuously avoids mentioning *Scarborough*. *See* Docket No. 31 at 3. As the government correctly notes, however, *Patton* held that the *Scarborough* principle applies to body armor as well and is thus a constitutional exercise of Congress' power to regulate interstate commerce. *See* Docket No. 32 at 5 (discussing *Patton*, 451 F.3d at 634-36). Haynie thus may not rely on *Patton* to support his assertion that § 931 is an unconstitutional attempt by Congress to regulate interstate commerce.

Accordingly, regarding "Bryan Haynie's Motions in Limine" [Docket No. 31], the Court DENIES the first two motions as moot, and DENIES the third motion as untimely and also DENIES the third motion on its merits.

IT IS SO ORDERED.

January 22, 2009

                                   *Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge